DAVID A. HUBBERT
Deputy Assistant Attorney General

JAMES E. WEAVER
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-305-4929
Fax:     202-307-0054
Email: James.E.Weaver@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>NORA BRAYSHAW (individually), and<br><br>NORA BRAYSHAW as surviving spouse and fiduciary for the deceased DAVID BRAYSHAW, who died intestate on August 11, 2015,<br><br>　　　　Defendants. | Case No. _____<br><br>**COMPLAINT TO REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT** |

　　　　Plaintiff, the United States of America, seeks to collect unpaid federal civil penalty assessments, with statutory accruals, and to reduce those assessments to judgment. Plaintiff intends to use some or all appropriate remedies authorized by the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq*.) to collect any judgment it obtains in this case. In support of this action, Plaintiff alleges as follows:

## INTRODUCTION

1. This is a civil action brought by Plaintiff to collect outstanding unpaid civil penalty assessments made against Defendants for the willful failure to timely file a foreign bank account report ("FBAR") with the IRS, pursuant to 31 U.S.C. § 5321(a)(5)) and 31 C.F.R. §1010.350(a).

2. The penalty assessments, commonly known as FBAR penalties, were made against Defendants for failing to timely report two foreign accounts that the Defendants maintained with Switzerland-based UBS (or its Switzerland-based affiliates) during 2008. Defendants' deadline for reporting their interests in these accounts was June 30, 2009.

3. On October 21, 2020, Plaintiff assessed FBAR penalties totaling $820,454 against Nora Brayshaw for calendar year 2008.

4. On October 21, 2020, Plaintiff assessed FBAR penalties totaling $410,227 against David Brayshaw for calendar year 2008.

5. Plaintiff timely brings this action to reduce the FBAR penalty assessments to judgment within the two-year period set forth in 31 U.S.C. § 5321(b)(2)(A).

6. The United States brings this action with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANTS

7. On information and belief, Nora and David Brayshaw resided in a mountain home in Lake Almanor, California from approximately 2005 through at least 2013, when Mr. Brayshaw became ill.

8. On information and belief, David Brayshaw died intestate in Shasta County, California on August 11, 2015.

9. On information and belief, no probate proceeding was opened on behalf of Mr. Brayshaw's estate. On information and belief, Nora Brayshaw, his surviving spouse, has authority to serve as a fiduciary on behalf of the deceased Mr. Brayshaw.

10. Nora Brayshaw has used non-residential addresses, including mailbox or drop box

1  addresses located in Reno, Nevada and Redding, California in dealing with governmental
2  authorities, including the IRS.
3      11.    On information and belief, Nora Brayshaw is presently, and was during the
4  relevant times at issue, a citizen or resident of the United States, residing in the area of Redding,
5  California, within the geographical boundaries of the Court.
6      12.    David Brayshaw was a citizen or resident of the United States during the relevant
7  times at issue.

## JURISDICTION AND VENUE

9      13.    Jurisdiction over this action is conferred upon this district court by 28
10  U.S.C.§§ 1331, 1345 and 1355.
11      14.    Venue properly lies in the Eastern District of California under 28 U.S.C.
12  § 1391(b)(1) because, on information and belief, Nora resides within this judicial district.  Mr.
13  Brayshaw resided in this judicial district at the time of his death.
14      15.    Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of
15  the events or omissions giving rise to the claims occurred in this judicial district, given that the
16  Brayshaws resided within the district during the times relevant to assessment of the FBAR
17  penalties at issue.
18      16.    Venue is also proper under 28 U.S.C. § 1395(a) because this is a civil proceeding
19  for recovery of a penalty and this district is where the penalty accrued and where Ms. Brayshaw
20  may be found.

## REQUIREMENT TO FILE FBARS

22      17.    The Secretary of the Treasury is authorized by statute to require a citizen or
23  resident of the United States to report certain transactions with foreign financial agencies,
24  including foreign banks.  *See* 31 U.S.C. § 5314.
25      18.    Under the statute's implementing regulations, "[e]ach United States person having
26  a financial interest in, or signature authority over, a bank, securities, or other financial account in
27  a foreign country shall report such relationship to the Commissioner of Internal Revenue for each
28  year in which such relationship exists . . . ." 31 C.F.R. § 1010.350(a).

19. To fulfill this requirement for calendar year 2008, a person was required to file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For that calendar year, the FBAR report was due by June 30 following the calendar year reported for all foreign financial accounts exceeding $10,000. 31 C.F.R. § 1010.306(c).

20. Congress has provided for the imposition of civil penalties for failure to comply with the reporting requirement. 31 U.S.C. §§ 5314 & 5321.

21. Defendants jointly held financial interests in the following two foreign bank accounts during 2008:

-- UBS AG (Switzerland) account ending in "9459" ("AG Account")

-- UBS Swiss Financial Advisors AG account ending in "295_0," with customer number ending in "6606" ("SFA Account")

22. During 2008, the balances in the AG Account and SFA Account both exceeded $10,000, either in the form of currency or financial assets.

23. Defendants were required by law to timely file FBARs reporting their financial interests in the AG Account and SFA Account for 2008, as well as any other years that satisfied FBAR reporting requirements. The deadline for Defendants to report their interests for 2008 was June 30, 2009. *See* 31 C.F.R. § 1010.306(c).

24. Defendants failed to timely report their interests in the AG Account and the SFA Account for 2008.

25. In fact, no FBARs were filed by Defendants until after Plaintiff pursued obtaining information regarding Defendants' foreign bank account holdings through a summons enforcement proceeding initiated in 2014.

26. Belatedly, in 2016, Nora Brayshaw filed FBARs for years 2008-2015 (but only for the SFA Account with respect to the 2008 year at issue).

## WILLFUL FAILURE TO FILE FBARs

27. Defendant David Brayshaw was a highly-educated United States citizen who acquired extensive business experience throughout his life. He was also an attorney.

28. Mr. Brayshaw had "a background in mathematics and physics as well as corporate

4

law." See *Brayshaw v. Comm'r.*, 2002 WL 1825350, at *1 (Tax Court, Mar. 22, 2002).

29. Mr. Brayshaw was involved in various business activities, including "the development of computer software which would predict water currents in the San Francisco Bay area." *See id*. "In connection with this activity, he periodically took measurements on the bay throughout the year using a yacht [the Brayshaws] had owned since approximately 1984." *Id*.

30. Prior to 1996, Mr. Brayshaw "had formed a corporation named First Draft Legal System, Inc." *Id*. That company "was engaged in the sale of a computer software program which automated the creation of legal documents."

31. Mr. Brayshaw was also "engaged in 'database work' which was unrelated to either of his other business activities." *See id*.

32. Nora Brayshaw was also a highly-educated United States citizen with business experience who, in the past, practiced as a psychiatrist, licensed by the New Jersey Board of Medical Examiners. *See Brayshaw v. Gelber*, 232 N.J. Super. 99, 556 A.2d 788, 789 (Super. Ct., Appellate Div., April 6, 1989).

33. Indeed, in her capacity as a medical practitioner, Ms. Brayshaw "conducted a medical consultation business." *See Brayshaw v. Comm'r.*, 2002 WL 1825350 at *1.

***Defendants' Foreign Bank Accounts with UBS***

34. On information and belief, funds held in the AG Account and SFA Account originated, at least in part, through a gift from the parents of Nora Brayshaw, one of whom was employed in the New York loan department for Swiss Bank Corporation, a predecessor to UBS.

35. On information and belief, prior to 1994, the Brayshaws had established a joint account with Swiss Bank Corporation in Uster, Switzerland.

36. On information and belief, by mid-1997, the Brayshaws had transferred their Swiss Bank Corporation relationship to the Zurich, Switzerland office for that bank.

37. Swiss Bank Corporation merged with Union Bank of Switzerland to form UBS in 1998.

38. On or about June 30, 2000, the Brayshaws signed forms for the AG Account indicating that they "would like to avoid disclosure of [their] identity to the US Internal Revenue

Service" under new U.S. tax withholding regulations. The forms elected not to invest in U.S. securities beginning November 1, 2000.

39. On information and belief, during or before 2005, the Brayshaws opened the SFA Account with UBS.

40. During the years prior to the FBAR reporting deadline of June 30, 2009 for calendar year 2008, the Brayshaws were actively involved in monitoring their foreign bank accounts, and they communicated with UBS personnel through in-person meetings, telephone calls, and/or emails.

41. For example, Nora Brayshaw provided UBS with a handwritten note dated April 26, 2005 saying,

> Sorry we missed you in San Francisco. Wish we knew ahead that you were coming. When you come again, please let us know, so we can meet. Please feel free to use e-mail to make an appointment.

42. In March 2008, the Brayshaws met with a representative of UBS at the Westin Hotel, presumably in California, to review their portfolio and investment strategies. Over the course of the year, the Brayshaws had numerous communications with UBS regarding their accounts, including adjusting their investments and making withdrawals.

43. As of December 31, 2008, the value of the AG Account was about $1,004,638.

44. As of December 31, 2008, the value of the SFA Account was about $463,684.

45. In December 2008, just a few months after the U.S. investigation into UBS's secretive banking practices was publicized, the Brayshaws instructed UBS to move all assets in the AG Account to the SFA Account.

46. Following asset transfers into the SFA Account, and as of December 31, 2009, the value of the SFA Account was about $1,440,947.

47. On information and belief, the Defendants continued to communicate with UBS after 2008, periodically requesting withdrawals from the SFA Account, and, on occasion, meeting with UBS representatives by telephone or in person.

48. During the time leading up to the Brayshaws' deadline of June 30, 2009 for filing

1  an FBAR for 2008, the Brayshaws filed a federal income tax return for 2007; however, that tax
2  return did not report gains or losses from their UBS account portfolios on Schedule D, nor did
3  the tax return report interest or dividend income that may have been earned from their UBS
4  account on Schedule B.

5      49.    The Brayshaws did not file a federal income tax return for 2006, nor had they
6  filed a federal income tax return for 2008 prior to June 30, 2009.

7      50.    The Brayshaws were evasive over the course of an IRS investigation into their tax
8  liabilities and foreign accounts, eventually resulting in contempt proceedings. *See*, *United States*
9  *v. Nora Brayshaw*, Case No. 2:14-mc-00088-MCE-KJN (E.D. Cal.)

CLAIM FOR RELIEF:  JUDGMENT FOR CIVIL PENALTIES

UNDER 31 U.S.C. § 5321(a)(5)

*Liability for Civil Penalties*

    51.    During the calendar year 2008, Defendants were United States persons within the meaning of 31 C.F.R. § 1010.350(b).

    52.    During the calendar year 2008, Defendants had a financial interest, within the meaning of 31 C.F.R. § 1010.350(e), in both the AG Account and SFA Account in Switzerland.

    53.    The AG Account and SFA Account were bank accounts in a foreign country.

    54.    During the calendar year 2008, the balances in both the AG Account and SFA Account exceeded $10,000.

    55.    Defendants failed to timely report their interests in either the AG Account or SFA Account by timely filing an FBAR with respect to the 2008 calendar year, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

    56.    Defendants' failure to timely file an FBAR with respect to the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5)(C).

*Assessment of Civil Penalties*

    *Nora Brayshaw*

    57.    On or about October 21, 2020, a delegate of the Secretary of the Treasury timely assessed civil penalties against Nora Brayshaw in the total amount of $820,454 due to her willful

failure to timely file an FBAR and disclose the AG Account and SFA Account to the IRS for calendar year 2008. The penalties were broken out by account as follows:

        AG Account:        $ 50,000

        SFA Account:       $770,454

58. On or about November 4, 2020, a delegate of the Secretary of the Treasury sent a notice of the assessments and demand for payment to Nora Brayshaw for the above FBAR penalties at her Reno, Nevada address utilized for purposes of communicating with the IRS. A copy of the notice was also provided to the attorney representing her with respect to the FBAR penalties.

59. The manner and methodology the IRS employed in calculating the amount of the $770,454 willful FBAR penalty for the SFA Account included a $50,000 amount attributable to another type of penalty that was not assessed, and for which the United States does not seek judgment.

60. Instead, the United States alleges that the amount of the willful FBAR penalties Nora Brayshaw owes should be recalculated in further proceedings after this Court determines that Ms. Brayshaw is liable for willful FBAR penalties for the calendar year 2008.

61. The United States is entitled to judgment against Ms. Brayshaw finding that she is liable for willful FBAR penalties for her failure to timely report the AG Account and SFA Account on a FBAR for calendar year 2008 in an amount to be determined after further proceedings. That amount shall include pre-judgment and post-judgment statutory accruals as provided by 31 U.S.C. § 3717(a) and § 3717(e), from the date of the judgment until paid in full.

*David Brayshaw*

62. On or about October 21, 2020, a delegate of the Secretary of the Treasury timely assessed civil penalties against David Brayshaw in the total amount of $410,227 due to his willful failure to timely file an FBAR and disclose the AG Account and SFA Account to the IRS for calendar year 2008. The penalties were broken out by account as follows:

        AG Account:        $ 25,000

        SFA Account:       $385,227

63. On or about November 4, 2020, a delegate of the Secretary of the Treasury sent a notice of the assessments and demand for payment to David Brayshaw for the above FBAR penalties to the address utilized for communications with the fiduciary of record for the deceased Mr. Brayshaw (namely, Nora Brayshaw). A copy of the notice was also provided to the attorney representing Ms. Brayshaw with respect to the FBAR penalties.

64. In addition to the FBAR penalties, David Brayshaw owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

65. As of October 18, 2022, the unpaid balance owed to the United States by David Brayshaw for the FBAR penalties, the late payment penalty, applicable fees and interest, less any payments, is $474,334.80.

66. The Plaintiff is entitled to judgments against Nora Brayshaw, individually, and as fiduciary and surviving spouse of the deceased David Brayshaw in the amounts identified above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Enter judgment in favor of the United States of America and against Nora Brayshaw, that Ms. Brayshaw willfully failed to file a FBAR to report her interest in the AG Account and the SFA Account for calendar year 2008, and in an amount that will be determined after further proceedings. That amount shall include pre-judgment and post-judgment statutory accruals as provided by law from the date of the judgment until paid in full; and

B. Enter judgment in favor of the United States of America and against Nora Brayshaw, as fiduciary and surviving spouse of the deceased David Brayshaw in the amount of $474,334.80 as of October 18, 2022, plus statutory accruals from that date until fully paid.

C. Award the United States of America its costs, and such further relief as the Court deems just and proper.

Dated: October 19, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ James E. Weaver*
JAMES E. WEAVER
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-4929
Fax:  (202) 307-0054
Email:  James.E.Weaver@usdoj.gov

*Attorneys for United States of America*