UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NORA BRAYSHAW, et al.,<br><br>Defendants. | No. 2:22–cv–1859–KJN<br><br>ORDER |

Plaintiff, the United States of America, has moved for a 120-day extension, from December 28, 2023, to April 26, 2024, to request a summons to serve along with the complaint on the Defendants' successor or representative under Rule 4(m) of the Federal Rules of Civil Procedure, and to then serve process on the successor or representative.[1] (ECF No. 19.) Plaintiff also requests the court appoint an individual to serve as personal representative for the Estate of Nora Brayshaw and as a successor representative to Nora Brayshaw in her capacity as surviving spouse and fiduciary for her deceased husband, David Brayshaw. This motion is set for a hearing on January 9, 2024. (ECF No. 17.) The time has passed for any response to the motion by any interested party. See Local Rule 230.

///

---

[1] This action was referred to the undersigned by Appendix A, sub (m) of the court's Local Rules.

1

# ORDER

Good cause appearing, it is hereby ORDERED that:

1. Plaintiff's time to request a summons in this case is hereby extended to and through April 26, 2024 (ECF No. 17.);

2. The motion to appoint a personal representative (ECF No. 17) is taken under submission pursuant to Local Rule 230(g), and the January 9, 2024 hearing is VACATED.  Further, this motion is GRANTED, based on the record before the court, on the following findings:
    a. It appears David Brayshaw died before this lawsuit was filed, and Nora Brayshaw died in April 2023 while the United States was in the process of serving her with this lawsuit via publication.  Accordingly, this suit cannot move forward until a personal representative is appointed to defend this action on behalf of the estates;
    b. It appears that neither Mr. nor Mrs. Brayshaw had a will, there have been no probate proceedings of any kind in California state court, and no personal representative was ever appointed for either's estate;

3. The court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355.  In aid of jurisdiction, it is necessary and appropriate to issue a writ that allows this litigation to move forward.  Pursuant to the All Writs Act, 28 U.S.C. § 1651, the court now authorizes the appointment, for purposes of this litigation, of an individual to serve as personal representative for the Estate of Nora Brayshaw and as a successor representative to Nora Brayshaw in her capacity as surviving spouse and fiduciary for her deceased husband, David Brayshaw;
    a. This is not a probate proceeding and the personal representative(s) eventually appointed for purposes of this action will not be taking on any of the powers, responsibilities, and/or liabilities associated with opening a probate or administering an estate in state court.  The court will not probate Mr. and Mrs. Brayshaw's wills (if any exist), administer their estates, or dispose of property in the custody of any state probate court.  Rather the court authorizes the appointment for the limited purpose of defending against the United States' claims;

    b. Consistent with California law, the court shall give priority to Mrs. Brayshaw's surviving relatives, and preliminarily holds that the personal representative shall be selected from the following list, in this order of priority:

        i. Clarice Anderes (as the surviving sister of Mrs. Brayshaw);

        ii. The issue of Clarice Anderes;

        iii. Tehama County Public Administrator (or other proper county administrator);

        iv. A representative of the United States (as a creditor of Mr. and Mrs. Brayshaw);

        v. Any other person;

4. The United States is directed to serve this Order on each individual or entity covered by the above list identified in turn. If the served party accepts the appointment, he/she must file a pleading that responds to the United States' Amended Complaint within 21 days of being served. The served party may refuse his/her appointment by filing a statement with the court explaining that he/she refuses to serve as personal representative. Any person who refuses this appointment is directed to identify any other individuals who might qualify for appointment under California law. See Cal. Prob. Code § 8461.

5. If a served party either (a) files a statement with the court explaining that he/she refuses to serve as personal representative, or (b) does not file a response to the Amended Complaint with the court within 21 days of being served, the United States shall serve the next individual on the list above. When an individual accepts this appointment, the United States shall file a notice with the court, along with a proposed order that memorializes the appointment.

Dated: December 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bray.1859

3